IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

UNITED STATES OF AMERICA,

    *Plaintiff,*

v.                                                          **Civ. No.** 20-893

1B28 - THREE 308 CASINGS,
1B29 - ONE 308 CASING,
1B30 - ONE 308 CASING,
1B39 - ONE RUGER GUN CASING,
1B38 - ONE MAGAZINE,
1B36 - THREE 30-30 ROUNDS,
1B35 - TWO 30-30 ROUNDS,
1B34 - ONE 30-30 ROUND (DAMAGED),
1B33 - TWO 30-30 CASINGS,
1B32 - ONE 30-30 CASING,
1B31 - ONE MAGAZINE WITH ROUNDS,
1B3 - MAGAZINE WITH AMMUNITION,
1B1 - RUGER SR-762, SN: 562-12356
1B2 - VORTEX CROSSFIRE II 4-12.40 SCOPE
1B3 - MAGAZINE AND AMMO

    *Defendants-in-rem.*

**VERIFIED COMPLAINT FOR FORFEITURE *IN REM***

Plaintiff, United States of America, brings this complaint in accordance with Supplemental Rule G(2) of the Supplemental Rules for Certain Admiralty or Maritime Claims and Asset Forfeiture Actions, and alleges as follows:

**NATURE OF THE ACTION**

1.    This is a civil action to forfeit and condemn to the use and benefit of the United States of America property involved in violations of 18 U.S.C. § 924(c)(1)(A)(i) that is subject to forfeiture pursuant to 18 U.S.C. § 924(d)(1).

## DEFENDANT *IN REM*

2. The defendant *in rem* consists of the following:

   a. 1B28 - Three 308 casings,
   b. 1B29 - One 308 casing,
   c. 1B30 - One 308 casing,
   d. 1B39 - One Ruger Gun casing,
   e. 1B38 - One Magazine,
   f. 1B36 - Three 30-30 Rounds,
   g. 1B35 - Two 30- 30 Rounds,
   h. 1B34 - One 30-30 Round (damaged),
   i. 1B33 - Two 30-30 casings,
   j. 1B32 - One 30-30 casing,
   k. 1B31 - One Magazine with Rounds,
   l. 1B3 - Magazine with Ammunition,
   (hereafter referred to as "Defendant Property").

3. The Defendant Property was seized by the Federal Bureau of Investigation on October 1, 2018, in the District of New Mexico.

4. The Defendant Property is now, and during the pendency of this action will be, in the jurisdiction of this Court.

## JURISDICTION AND VENUE

5. The United States District Court for the District of New Mexico has subject matter jurisdiction under 28 U.S.C. §§ 1345, 1355(a) and 1356.

6. Venue for this civil forfeiture action is proper in this district pursuant to 28 U.S.C. §§ 1355 and 1395, as acts or omissions giving rise to the forfeiture took place in this district and the property is found in this district. Upon the filing of this complaint, the Defendant Property will be arrested by execution of a Warrant for Arrest *In Rem* in the District of New Mexico.

## FACTS

2

7. On October 1, 2018 at approximately 11:44 a.m., Laguna Police Department received an emergency 911 call from a man on Interstate 40 near mile marker 138. Federal Bureau of Investigation (FBI) Special Agent Spaeth later spoke with the 911 caller (Witness 1). Witness 1 stated that a Jeep had cut him off, swerved from shoulder to shoulder, and headed west. The driver of the Jeep shot a firework at a tractor trailer, Witness 1 thought it may have been a roman candle. Witness 1 then saw the Jeep pull into the median and face the westbound traffic near mile marker 138 on Interstate 40. Witness 1 saw the driver of the Jeep point something at a tractor trailer, and he heard gunshots. Witness 1 described a driver and described the Jeep with lettering on the rear window.

8. Law enforcement officers responded to the scene and spoke with a John Doe. Doe stated that the Jeep swerved throughout both westbound lanes and prevented vehicles from passing. Doe attempted to pass the Jeep and the driver of the Jeep shot the sleeper portion of Doe's tractor trailer with a firework. The Jeep passed Doe and brandished a confederate flag and a rifle out of the Jeep window. The Jeep passed Doe, pulled in the center median, and aimed a rifle at Doe and his vehicle. Doe ducked and heard multiple rounds strike his vehicle. A round struck the windshield causing it to break, and Doe was injured by the broken glass. Doe then stopped the tractor trailer and waited for law enforcement officers.

9. Law Enforcement determined that nine rounds had struck Doe's tractor trailer.

10. At approximately 1:15 pm, Witness 2 called the emergency line to report a suspicious black Jeep with white markings on the access road near her house on the Laguna Pueblo. Agent Spaeth responded to this location and looked over the interstate.

11. At approximately 1:31 p.m. Bureau of Indian Affairs Special Law Enforcement Commission Laguna Police Officers Keith Riley, Laguna Officer Christopher Kie Jr, and Sargent Ray Soto responded.

12. The officers located the Jeep near the water tanks on the access road and attempted to stop the Jeep using emergency lights and siren. The officers were in marked Laguna Police Department vehicles, displaying their badges, and wearing their department issued uniforms. Upon attempting to stop the Jeep, the vehicle sped up and drove into the desert. After some time the Jeep stopped.

13. The Laguna Police officers observed movement inside the Jeep. An individual, later identified as Brad Halverson, exited the driver's door with a long gun. He assumed a prone position in front of his vehicle. He then got up, leaned over the hood of the Jeep and pointed the long gun at Officer Christopher Kie Jr.

14. Sargent Soto and Officer Riley then fired their long rifles at Halverson. The officers approached Halverson and saw Halverson on the ground and a black AR style rifle approximately 10 feet away. At approximately 1:50 p.m. the officers placed him in handcuffs, rendered first aid, and called for an ambulance to respond.

15. Agent Spaeth observed a black Ruger AR style rifle on the ground in front of the Jeep, and empty rifle casings on the driver's floorboard of the Jeep. The Jeep was subsequently sealed and transported to the FBI Albuquerque division where it was placed in a secured location. The Defendant Property was located in the Jeep.

16. On April 26, 2019, Halverson entered a guilty plea *inter alia*, to using and carrying a firearm during, or in relation to a crime of violence in violation of 18 U.S.C. 924(c)(1). *See* D.N.M. Criminal case number 19-cr-01223, Doc. 29. In his plea agreement,

Halverson agreed to forfeit all of his right, title and interest in ammunition magazines collected from the Jeep. Doc. 29, ¶ 19. Halverson waived notice of any forfeiture proceedings involving the property. Doc. 29, ¶ 21.

### FIRST CLAIM FOR RELIEF

17. The United States incorporates by reference the allegations in paragraphs 1 through 16 as though fully set forth.

18. 18 U.S.C. § 924(c)(1)(A)(i) prohibits using or carrying a firearm during, or in relation to, a crime of violence.

19. Defendant Property was involved in or used in the knowing violation of 18 U.S.C. § 924(c)(1)(A)(i) and is thus subject to forfeiture to the United States pursuant to 18 U.S.C. § 924(d)(1).

WHEREFORE: Plaintiff seeks arrest of Defendant Property and forfeiture of same to Plaintiff, determination of the validity and priority of claims of the Claimants and any Unknown Claimants to the Defendant Property, costs and expenses of seizure and of this proceeding, and other proper relief.

Respectfully submitted,

JOHN C. ANDERSON
United States Attorney

*/s/ Stephen R. Kotz*
STEPHEN R. KOTZ
Assistant U.S. Attorney
P.O. Box 607
Albuquerque, NM 87103
(505) 346-7274

## 28 U.S.C. § 1746 DECLARATION

I am a Special Agent with the Federal Bureau of Investigation who has read the contents of the Complaint for Forfeiture *In Rem* to which this Declaration is attached; and the statements contained in the complaint are true to the best of my knowledge and belief.

I declare under penalty of perjury and the laws of the United States of America that this Declaration is true and correct, except as to matters stated on information and belief, and as to those matters I believe them to be true.

Dated: 8/24/2020

Jordan Spaeth, Special Agent
Federal Bureau of Investigation

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

## I. (a) PLAINTIFFS
United States of America

**(b)** County of Residence of First Listed Plaintiff _____
*(EXCEPT IN U.S. PLAINTIFF CASES)*

**(c)** Attorneys *(Firm Name, Address, and Telephone Number)*

## DEFENDANTS
1B28 - THREE 308 CASINGS, ET.AL.

County of Residence of First Listed Defendant _____
*(IN U.S. PLAINTIFF CASES ONLY)*
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

Attorneys *(If Known)*

## II. BASIS OF JURISDICTION *(Place an "X" in One Box Only)*
☒ 1 U.S. Government Plaintiff
☐ 2 U.S. Government Defendant
☐ 3 Federal Question *(U.S. Government Not a Party)*
☐ 4 Diversity *(Indicate Citizenship of Parties in Item III)*

## III. CITIZENSHIP OF PRINCIPAL PARTIES *(Place an "X" in One Box for Plaintiff and One Box for Defendant)* (For Diversity Cases Only)

|  | PTF | DEF |  | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated *or* Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated *and* Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT *(Place an "X" in One Box Only)*

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ☐ 625 Drug Related Seizure of Property 21 USC 881 | ☐ 422 Appeal 28 USC 158 | ☐ 375 False Claims Act |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 365 Personal Injury - Product Liability | ☒ 690 Other | ☐ 423 Withdrawal 28 USC 157 | ☐ 400 State Reapportionment |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | ☐ 367 Health Care/ Pharmaceutical Personal Injury Product Liability | | | ☐ 410 Antitrust |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander | | | **PROPERTY RIGHTS** | ☐ 430 Banks and Banking |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Federal Employers' Liability | | | ☐ 820 Copyrights | ☐ 450 Commerce |
| ☐ 151 Medicare Act | ☐ 340 Marine | ☐ 368 Asbestos Personal Injury Product Liability | | ☐ 830 Patent | ☐ 460 Deportation |
| ☐ 152 Recovery of Defaulted Student Loans (Excludes Veterans) | ☐ 345 Marine Product Liability | **PERSONAL PROPERTY** | | ☐ 840 Trademark | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 350 Motor Vehicle | ☐ 370 Other Fraud | **LABOR** | **SOCIAL SECURITY** | ☐ 480 Consumer Credit |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle Product Liability | ☐ 371 Truth in Lending | ☐ 710 Fair Labor Standards Act | ☐ 861 HIA (1395ff) | ☐ 490 Cable/Sat TV |
| ☐ 190 Other Contract | ☐ 360 Other Personal Injury | ☐ 380 Other Personal Property Damage | ☐ 720 Labor/Management Relations | ☐ 862 Black Lung (923) | ☐ 850 Securities/Commodities/ Exchange |
| ☐ 195 Contract Product Liability | ☐ 362 Personal Injury – Medical Malpractice | ☐ 385 Property Damage Product Liability | ☐ 740 Railway Labor Act | ☐ 863 DIWC/DIWW (405(g)) | ☐ 890 Other Statutory Actions |
| ☐ 196 Franchise | | | ☐ 751 Family and Medical Leave Act | ☐ 864 SSID Title XVI | ☐ 891 Agricultural Acts |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | ☐ 790 Other Labor Litigation | ☐ 865 RSI (405(g)) | ☐ 893 Environmental Matters |
| ☐ 210 Land Condemnation | ☐ 440 Other Civil Rights | **Habeas Corpus:** | ☐ 791 Employee Retirement Income Security Act | | ☐ 895 Freedom of Information Act |
| ☐ 220 Foreclosure | ☐ 441 Voting | ☐ 463 Alien Detainee | | **FEDERAL TAX SUITS** | ☐ 896 Arbitration |
| ☐ 230 Rent Lease & Ejectment | ☐ 442 Employment | ☐ 510 Motions to Vacate Sentence | | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 899 Administrative Procedure Act/Review or Appeal of Agency Decision |
| ☐ 240 Torts to Land | ☐ 443 Housing/ Accommodations | ☐ 530 General | | ☐ 871 IRS—Third Party 26 USC 7609 | ☐ 950 Constitutionality of State Statutes |
| ☐ 245 Tort Product Liability | ☐ 445 Amer. w/Disabilities - Employment | ☐ 535 Death Penalty | **IMMIGRATION** | | |
| ☐ 290 All Other Real Property | ☐ 446 Amer. w/Disabilities - Other | **Other:** | ☐ 462 Naturalization Application | | |
| | ☐ 448 Education | ☐ 540 Mandamus & Other | ☐ 465 Other Immigration Actions | | |
| | | ☐ 550 Civil Rights | | | |
| | | ☐ 555 Prison Condition | | | |
| | | ☐ 560 Civil Detainee - Conditions of Confinement | | | |

## V. ORIGIN *(Place an "X" in One Box Only)*
☒ 1 Original Proceeding
☐ 2 Removed from State Court
☐ 3 Remanded from Appellate Court
☐ 4 Reinstated or Reopened
☐ 5 Transferred from Another District *(specify)*
☐ 6 Multidistrict Litigation

## VI. CAUSE OF ACTION
Cite the U.S. Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity)*:
18 U.S.C. § 924(d)(1)
Brief description of cause:

## VII. REQUESTED IN COMPLAINT:
CHECK IF THIS IS A **CLASS ACTION** UNDER RULE 23, F.R.Cv.P.
DEMAND $
CHECK YES only if demanded in complaint:
**JURY DEMAND:** ☐ Yes ☐ No

## VIII. RELATED CASE(S) IF ANY
*(See instructions):*
JUDGE _____ DOCKET NUMBER _____

DATE: 9/1/2020
SIGNATURE OF ATTORNEY OF RECORD

**FOR OFFICE USE ONLY**